**IN THE COURT OF APPEALS OF IOWA**

No. 21-1496
Filed January 12, 2022

**IN THE INTEREST OF C.W.,**
**Minor Child,**

**D.W., Father,**
 Appellant,

**L.W., Mother,**
 Appellant.

_____

Appeal from the Iowa District Court for Linn County, Cynthia S. Finley, District Associate Judge.

A mother and father separately appeal the termination of their parental rights. **AFFIRMED ON BOTH APPEALS.**

Robin L. Himes, Cedar Rapids, for appellant father.

Kylie Liu of the Office of the State Public Defender, Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, and Diane Murphy Smith, Assistant Attorney General, for appellee State.

Julie Gunderson Trachta of Linn County Advocate, Inc., Cedar Rapids, attorney and guardian ad litem for minor child.

Considered by Ahlers, P.J., Badding, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**VOGEL, Senior Judge.**

A mother and father separately appeal the juvenile court order terminating their parental rights. The mother was provided with reasonable efforts for reunification, there is clear and convincing evidence in the record to support termination of the father's parental rights, and termination is in the best interests of the child. We affirm on both appeals.

C.W. came to the attention of the Iowa Department of Human Services (DHS) in January 2021 after testing positive for methamphetamine and amphetamine at birth. The child was removed from the parents' custody, placed in family foster care, and adjudicated a child in need of assistance (CINA). In June, the State petitioned for termination of both parents' rights. The matter came on for hearing on September 27. The mother appeared and testified. The father was incarcerated at the time of the hearing and participated via telephone.

The court entered its termination order on October 1, terminating the mother's rights under Iowa Code section 232.116(1)(g) and (h) (2021), and the father's rights under Iowa Code section 232.116(1)(h). Each parent appeals.

We review termination-of-parental-rights proceedings de novo. *In re M.D.*, 921 N.W.2d 229, 232 (Iowa 2018). While we give weight to the juvenile court's factual findings, we are not bound by them. *Id.* Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

The mother does not contest the grounds for termination or argue termination is not in the child's best interests. *See In re P.L.*, 778 N.W.2d 33, 40–41 (Iowa 2010) (describing the three-step framework to review termination of parental rights, and stating we need not address any step not raised on appeal).

The mother does claim DHS did not make reasonable efforts towards reunification, stating they only offered the same services that have not worked for her in prior CINA and termination cases. The mother made little effort to participate in the substance-abuse and mental-health services offered to her, and her only request during the underlying proceedings regarding services or reasonable efforts was to request additional visitation.[1] Under these circumstances, DHS made reasonable efforts to reunify the mother and child, and error was not preserved as to any additional services. *See In re L.M.*, 904 N.W.2d 835, 839–40 (Iowa 2017) ("Although DHS must make reasonable efforts in furtherance of reunification, . . . parents have a responsibility to object when they claim the nature or extent of services is inadequate.").

The father contests the grounds for termination, seeks an additional six months before termination, and asserts termination is not in the child's best interests. Under section 232.116(1)(h), the juvenile court may terminate parental rights if the State proves all of the following:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

---

[1] During the CINA proceeding, the juvenile court denied the mother's request for additional visitation "due to lack of compliance with supervision expectations." While the mother does not specifically raise visitation in her petition to us, we consider visitation as part of the offered services for reunification. *See In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000) ("[O]ur focus is on the services provided by the state and the response by [the parent], not on services [the parent] now claims the DHS failed to provide.").

(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The father does not challenge the first three elements. For the final element, the father was incarcerated at the time of the hearing and could not take custody of the child. We agree the State proved the elements of section 232.116(1)(h) by clear and convincing evidence.

Next, the father argues he has been unable to fully participate in services due to his incarceration and asks for additional time to reunify with the child. The father did not comply with court-ordered drug testing, substance-abuse treatment, mental-health treatment, or domestic-abuse programming when in the community. He was in and out of jail throughout the proceedings due to allegations he committed domestic abuse against the mother, a contempt of court finding, and his use and packaging of drugs. The father plans to continue living with the mother after his release from jail. We find no basis for a six-month extension. *See* Iowa Code § 232.104(2)(b) (authorizing a six-month extension of time if the need for removal will no longer exist at the end of the additional period); *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006) (stating a parent's past conduct is instructive in determining future actions).

Finally, the father asserts termination of his parental rights is not in the child's best interests. We "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The father has had minimal contact with the child and has shown no ability to provide a safe and stable environment for the child. The

juvenile court found termination of the father's parental rights was in the child's best interests, and we agree.

We affirm the termination of the mother's and the father's parental rights.

**AFFIRMED ON BOTH APPEALS.**